UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **NELDA SKINNER,** | **CIVIL ACTION NO. 5:19-472-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **ETHICON, INC. and JOHNSON & JOHNSON,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to dismiss (DE 4) filed by defendants Ethicon, Inc. and Johnson & Johnson. For the following reasons, the Court will deny the motion, but will require plaintiff Nelda Skinner to file an amended complaint within 21 days that corrects the deficiencies in her allegations and confirms with the Federal Rules of Civil Procedure.

With her complaint, Skinner alleges that the defendants manufacture sutures that are sold under the brand name Vicryl. She alleges that she suffered personal injuries as a direct result of "being implanted with" the sutures, which she alleges are "defective and unreasonably dangerous."

Defendants moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). They argue that Skinner has not made sufficient allegations to state any claim under Federal Rule of Civil Procedure 8(a)(2). That rule requires that a complaint contain "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' but the

complaint must assert enough facts to provide the defendant with "fair notice of what the claim is, and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation, quotations, and ellipsis omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead facts that allow for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Skinner attempts to assert 14 causes of action, but she does not provide sufficient allegations for any of them. She does not state when the sutures were implanted in her, who implanted them, why they were implanted, how the sutures caused her to suffer injuries, or what the injury was. Skinner alleges that the sutures were "unreasonably dangerous, unsafe, and defective" but she does not allege any facts that would explain what the danger or defect allegedly is. She alleges that the sutures differed from the manufacturer's design or specifications,

2

but she does not allege any facts that would explain how they differed from the design. She alleges that the sutures were the proximate cause of her injuries, but she does not allege any facts that would explain what her injuries are or how the sutures caused it.

Skinner alleges that the sutures had "potential risks and side effects" that the defendants were aware of and failed to adequately warn about, but she does not allege any facts explaining what those risks or side effects are. She alleges that the defendants distributed the sutures knowing there was a risk of serious harm, but she does not explain what that harm is. She alleges that the defendants failed to perform testing that would have revealed that that the sutures would likely cause injuries similar to those she suffered, but she does not allege any facts explaining what her injury is. She alleges that the defendants should have warned of the dangers posed by the sutures, but she does not allege any facts explaining what those dangers are.

Skinner seems to recognize the deficiencies in her complaint. With her response, Skinner attaches her own affidavit, which sets forth some additional facts. She states she underwent surgery at the University of Kentucky Medical Center on October 17, 2018. She states, upon release from the hospital, she began bleeding in the middle of the night and had to have surgery to repair "failed sutures." She attaches what she alleges are her relevant medical records which she says are sufficient to support the claims in her complaint.

In determining whether a plaintiff has made sufficient allegations to state a claim, however, the Court is limited to the allegations in the complaint, matters of public record, court orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)

3

(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)). Thus, even if Skinner's affidavit combined with the complaint set forth sufficient allegations to support her claims, the *complaint* would still be deficient.

In her response, Skinner asks for leave to amend her complaint to set forth the "specific factual detail, including dates, that have been provided in [her] Response by records, recall information, and Affidavit." This is not a proper motion to amend the complaint. Nevertheless, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) (internal quotations and citation omitted). Moreover, in federal court, there is a "clear preference to resolve disputes on their merits." *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 406 n.4 (6th Cir. 2019). Granting the plaintiff an opportunity to amend her complaint to comply with federal rules and law is especially preferable to dismissal here because the complaint was filed in state court and removed to federal court. Accordingly, the Court will deny the motion to dismiss but require Skinner to file an amendment complaint within 21 days of the entry date of this order.

There are certain claims, however, that Skinner agrees should be dismissed. In her complaint, she alleges that the defendants made misrepresentations about the sutures. These claims are subject to the heightened pleading requirements of Rule 9(b). Skinner alleges no facts to establish when misrepresentations were made, how they were made, who made them, or precisely what they were. Similarly, she alleges that the defendants withheld material information from the public and physicians, but she does not allege any facts explaining what that information is or where it should have been disclosed. In her response, Skinner agrees that her fraud

4

claims should be dismissed. Accordingly, Counts VIII, XII, and XIII are dismissed without prejudice. Skinner should not reassert these claims in her amended complaint unless she supports them with sufficient allegations.

Accordingly, the Court hereby ORDERS as follows:

1) defendants' motion to dismiss (DE 4) is DENIED;

2) within 21 days of the entry date of this order, Skinner SHALL FILE an amended complaint consistent with this opinion and order. If Skinner fails to file an amended complaint within 21 days, the Court will dismiss this action; and

3) if appropriate after the amended complaint is filed, defendants may reassert a motion to dismiss.

This 30th day of June, 2020.

.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

.